# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VOLNEY; JUSTICE,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>SUPERIOR COURT, ET AL.,<br>　　　　　　　　Defendants. | CASE NO. 03CV1036-J (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISSOLVE VEXATIOUS LITIGANT ORDER** |

Before the Court is Plaintiff Robert Volney; Justice's ("Plaintiff") Motion to Dissolve Vexatious Litigant Order. [Doc. No. 93.] Defendants Superior Court of California, GMAC Mortgage, LLC, Indymac Bank, Executive Trustee Services, LLC, Rory William Clark, Flans and Weiner, Inc., and Larry Weiner ("Defendants") oppose the Motion.[1] [Doc. Nos. 96, 97, 99.] For the reasons set forth below, the Court **DENIES** the Motion to Dissolve Vexatious Litigant Order.

## *Background*

On May 30, 2003, Plaintiff filed a First Amended Complaint ("FAC") alleging

---

[1] Plaintiff contends that Defendants Superior Court of California, GMAC Mortgage, LLC, Indymac Bank, and Executive Trustee Services, LLC lack standing to oppose his Motion because these Defendants did not file the original motion to declare Plaintiff a vexatious litigant. As explained in detail below, Plaintiff has failed to demonstrate that he will not resume his practice of filing frivolous litigation. Given that these Defendants were previously the targets of Plaintiff's litigious activities, they have an interest in ensuring that the vexatious litigant order remains intact in order to prevent Plaintiff from filing additional actions against them. Accordingly, these Defendants have standing to file an opposition.

1 violation of state and federal due process rights arising out of the execution of a writ of
2 possession of residential property in the estate of Plaintiff's mother, Opal Mae Justice.
3 (Vexatious Litigant Order ("Order") at 2.)  Plaintiff named as Defendants the Superior
4 Court; three state court judges; Rory William Clark, the attorney who filed the writ; Larry
5 Weiner; and five corporations involved in the auction and sale of the property.  (*Id.*)
6 Defendants moved to dismiss the FAC for lack of subject matter jurisdiction and failure to
7 state a claim.  (*Id.*)  The Court found that Plaintiff's arguments in opposition to Defendants'
8 motions were "unintelligible, patently frivolous, and premised on Plaintiff's refusal to
9 recognize that the state probate court has jurisdiction over the residential property."  (*Id.* at
10 3.)  The Court dismissed Plaintiff's FAC for lack of subject matter jurisdiction because the
11 Court lacked authority to adjudicate the case under the Rooker-Feldman doctrine.  (*Id.* at
12 4.)  Specifically, the Court found that it could not grant Plaintiff's request for an injunction
13 ordering Defendants to return the residential property at issue without undoing the state
14 probate court's decision.  (*Id.* at 6.)  The Court therefore found it was barred from
15 adjudicating Plaintiff's claim.  (*Id.*)

16 Defendants also moved to have Plaintiff declared a vexatious litigant.  The Court
17 found that Plaintiff's state and federal filings were numerous and abusive.  (*Id.* at 8.)
18 Specifically, Plaintiff had filed a lien on Defendant Clark's property as well as the
19 residence of Judge Richard G. Cline.  (*Id.*)  Plaintiff also filed a state court action alleging
20 that Defendant Clark was professionally negligent and committed professional misconduct
21 in connection with the probate action.  (*Id.*)  Plaintiff filed an additional state court action
22 requesting an injunction to restrain Wells Fargo Bank from carrying out its duties in
23 connection with the probate action.  (*Id.* at 9.)  Plaintiff also sought to impose a lien on
24 property belonging to the bank.  (*Id.*)  Plaintiff filed another state court action against
25 Defendant Clark "to recover possession of property and damages resulting from forcible
26 entry and detainer," referring again to the probate court's order to take possession of the
27 property belonging to Plaintiff's mother's estate.  (*Id.*)  The Court found that Plaintiff's
28

federal action continued the same behavior exhibited in state court concerning the probate action. (*Id.*) The Court noted that Plaintiff had filed multiple requests for temporary restraining orders and preliminary injunctions, all of which were meritless. (*Id.*)

The Court also found that Plaintiff's claims were frivolous and showed a pattern of harassment. (*Id.* at 10.) The Court found that Plaintiff's litigation in state and federal court evidenced an intent to harass the public officials involved in the probate case as well as the private individuals and corporations involved in carrying out the probate court's orders. (*Id.*) The Court noted that Plaintiff had "brazenly attached copies of liens to the residential property of two public officials." (*Id.*)

As a result of Plaintiff's conduct, the Court issued an injunction barring Plaintiff from filing any new civil actions in this or any other federal court of the United States without first obtaining leave of that court. (*Id.*) The injunction details the procedures Plaintiff would be required to observe in order to file a new Complaint. (*Id.*) Plaintiff's instant Motion requests that the Court dissolve this injunction. (Mot. at 1-2.) Defendants oppose the Motion. [*See* Doc. Nos. 96, 97, 99.]

### *Discussion*

Plaintiff asserts that the Court should dissolve the vexatious litigant injunction because he has fully complied with its terms and has refrained from filing "unmeritorious motions or actions." (Mot. at 1-2.) Plaintiff asserts that he has "mended his ways" and that he has "acquired a more complete understanding of the federal court system to prevent the past vexatious episodes in the future." (*Id.* at 2.) Plaintiff also states that he has been "taken under the apprenticeship of several reputable trial attorneys of this state." (*Id.*)

Defendants oppose Plaintiff's Motion on the basis that Plaintiff has failed to disclose to the Court his ongoing litigious activities. (GMAC Opp'n at 3; Super. Ct. Opp'n at 2; Clark Opp'n at 9.[2]) Specifically, Defendants assert that Plaintiff failed to disclose to the

---

[2] Plaintiff argues that the Court should strike Defendant Clark's Opposition because Defendant Clark's law corporation is not registered. (Reply at 2.) According to Plaintiff, a law corporation that is not registered "is engaged in the illegal practice of law." (*Id.*) Contrary to

Court that a vexatious litigant order was entered against him in the Superior Court of California; that he unsuccessfully appealed this Court's vexatious litigant order; that he was criminally convicted of filing false liens against Judge Cline and the Superior Court of California; that he has filed two motions to dissolve the Superior Court's vexatious litigant order, both of which were denied; and that he unsuccessfully appealed the Superior Court's denial of his motion to dissolve the vexatious litigant order. (*See id.*) Defendants argue that based upon Plaintiff's concealment of his litigious activities, the Court should deny Plaintiff's Motion. (*See id.*)

A district court has broad discretion to modify an existing injunctive order when factual circumstances have changed or new ones have arisen since the order was issued. *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 380 (1992). The Ninth Circuit has recognized "the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Entering injunctions against litigants with "abusive and lengthy histories" is one type of restriction that district courts may impose. *See id.* District courts have broad discretion to modify injunctions against vexatious litigants. *See In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984).

Plaintiff has failed to demonstrate that factual circumstances have significantly changed since the Court issued its vexatious litigant order. After this Court issued the vexatious litigant order, Plaintiff continued his litigious activities by unsuccessfully appealing this Court's order. [*See* Doc. Nos. 74, 91.] Plaintiff's litigious activities have also continued in the state courts, as noted in the Superior Court's order denying Plaintiff's first Motion to Dissolve Vexatious Litigant Order:

> Mr. Justice [] pursued the following pleadings/actions in the period since he was declared a vexatious litigant:

---

Plaintiff's assertions, the California courts have held that a law firm's failure to register as a corporation does not amount to the unauthorized practice of law. *See Steven M. Garber & Assocs. v. Eskandarian*, 59 Cal. Rptr. 3d 1, 5 (Cal. Ct. App. 2007); *Olson v. Cohen*, 131 Cal. Rptr. 2d 620, 624-25 (Cal. Ct. App. 2003). The Court therefore declines to strike Defendant Clark's opposition.

- Ex parte application for order holding personal representative in contempt, dated March 17, 2004;
- Application for leave to file opposition to final account, dated December 18, 2003; and
- Motion for Order Setting Aside and Vacating Order Confirming Sale of Real Property and Order Settling First and Final Account And Final Distribution and/or Allowance of Compensation for Statutory Commissions and Attorney Fees; Extraordinary Attorney Fees; And Reimbursement to Petitioner for Legal Fees, dated June 17, 2005;
- A lien dated October 8, 2003, against [the property formerly owned by his mother] . . .
- A lien dated March 19, 2004, against [the property formerly owned by his mother] . . .
- On September 16, 2004, Mr. Justice filed a Complaint to Set Aside Judgments/Orders in Prior Probate Proceedings in Los Angeles Superior Court, Case # 04C02268.  The court dismissed the action on its own motion.

*Estate of Opal Mae Justice*, No. PN26420, slip op. at 2-3 (Cal. Super. Ct. Jan. 23, 2006). In its Order denying Plaintiff's second Motion to Dissolve Vexatious Litigant Order, the Superior Court again noted that there was no indication Plaintiff had changed his conduct:

> Dr. Justice once again fails to provide the court with any evidence indicating he has ceased his vexatious behavior and mended his ways.  In fact, since the court's rejection of his last attempt to remove the vexatious litigant status, he filed a notice of appeal of this court's January 23, 2006 ruling, but thereafter failed to pay the filing fees.  On April 17, 2006, he filed an application to extend time for the payment of the filing fees.  He did so again on May 1, 2006.  Both requests were granted.  However, his appeal was dismissed when by May 18, 2006 he still had not paid the requisite fees.  On September 5, 2006, a mere three months after the dismissal of his appeal, he wrote a letter to the Presiding Judge requesting leave to file the instant motion.  It was filed a little more than a month later.  In short, since this court's denial of his last such request, the only period of time which Dr. Justice did not engage in litigation or otherwise petition the court was between May 1, 2006, and September 5, 2006.  Four months of quiet does not constitute a change in conduct warranting removal of the vexatious litigant status.

*Estate of Opal Mae Justice*, No. PN26420, slip op. at 2 (Cal. Super. Ct. Dec. 1, 2006).  In his Reply, Plaintiff argues that his conduct in state court is irrelevant, because he has complied with the terms of the Court's vexatious litigant order. (Reply at 8.)  However, Plaintiff's conduct in state court is relevant to the Court's determination of whether factual circumstances have changed since the Court issued its vexatious litigant order. Specifically, Plaintiff's conduct in state court is relevant to this Court's determination of whether Plaintiff has continued his pattern of abusive and frivolous litigation.  Although

1  Plaintiff is correct in asserting that he has not violated the terms of this Court's vexatious
2  litigant injunction, he has failed to set forth facts demonstrating that circumstances have
3  changed such that the injunction is now inequitable.  Indeed, Plaintiff's conduct in state
4  court demonstrates that he has continuously attempted to undermine the probate court's
5  disposition of his mother's estate by filing several liens and meritless appeals.  There is no
6  indication that Plaintiff would not engage in similar conduct in the federal courts if the
7  Court dissolved the injunction.  Further, although Defendant asserts that his actions in state
8  court are irrelevant to his instant Motion, his failure to disclose these actions demonstrates
9  a lack of candor toward the Court and undermines his assertion that he has refrained "from
10 filing unmeritorious motions or actions."  (*See* Mot. at 2.)  Finally, the Court notes that the
11 terms of the injunction do not deny Plaintiff access to the federal courts, so long as he
12 abides by the procedures detailed in the injunction.  Given that Plaintiff asserts that he has
13 mended his ways and will no longer file frivolous actions, Plaintiff should have no
14 difficulty satisfying the injunction's requirements that he seek leave of the Court before
15 filing new actions and certify that such actions are not frivolous.  Because there is no
16 change in circumstances warranting the dissolution of the Court's vexatious litigant order,
17 the Court **DENIES** Plaintiff's Motion.

*Conclusion*

19  For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Dissolve
20 Vexatious Litigant Order.

21  **IT IS SO ORDERED.**

22 DATED:  September 19, 2007

23  _____
24  HON. NAPOLEON A. JONES, JR.
    United States District Judge

25 cc: All Parties
    Magistrate Judge Porter